MORTIMER F. REYNOLDS, APPELLANT, *v.* DE WITT C. ELLIS, AS ASSIGNEE, ETC., AND HARRIET F. VAN DAKE, AND OTHERS, RESPONDENTS.

34   47
e161a506

*Lease — agreement that the lessor shall have a lien on the tenant's goods — when it will be construed to be a chattel mortgage — the lessor acquires no title under it until he takes actual possession of the goods.*

A lease given by the plaintiff to the defendant's assignor provided that the lessor should have "a lien as security for all the rent," etc., "upon all goods, wares, chattels, implements, tools and all other personal property which are or may be on the demised premises belonging to the lessee or to any one holding or claiming the demised premises or any part thereof under him as assignee, under-tenant or otherwise," and that such lien might be enforced on the non-payment of the amounts due by the taking of the property "and a sale thereof, in the same manner as in the case of a chattel mortgage on default thereof."

On January fifth the defendant took possession of the goods in the store, under a general assignment made to him on that day by the lessee. At that time there was rent due and unpaid upon the lease. The lease was filed in the county clerk's office on January sixth, one day after the assignee took possession of the goods:

*Held,* that the instrument was in legal effect a chattel mortgage, and being such was void as to the lessee's creditor, by reason of the failure of the lessor to file it as required by law.

That even if the instrument were held not to be a chattel mortgage, but to give a mere equitable lien, yet as the lessee did not avail himself of the right to acquire a lien given by it while the goods remained in the possession of the lessor, the equities of the other creditors were as great as his, and that the court would not interfere to prefer him above the others.

APPEAL from a judgment, entered upon a decision of the Monroe Special Term dismissing the plaintiff's complaint, with costs.

*J. A. Stull,* for the appellant.

*John M. Davy,* for the respondents.

HAIGHT, J.:

This action was brought to enforce the provisions of a lease executed between the plaintiff, as lessor, and the defendant Henry Van Dake, as lessee, and especially of the lien clause therein, which is as follows: "And it is further agreed that the lessor shall have a

lien as security for all the rent and interest, gas bills and water rates aforesaid, or for any damages to buildings, due from lessee, upon all the goods, wares, chattels, implements, tools and all other personal property which are or may be on the demised premises belonging to the lessee or to any one holding or claiming the demised premises, or any part thereof, under him as assignee, under tenant or otherwise, and such lien may be enforced on non-payment of any of said rent, interest, water rates or gas bills, by the taking of such property and a sale thereof, in the same manner as in the case of a chattel mortgage on default thereof; such sale to be made upon six days' notice, posted upon the demised premises or served upon the lessee; such lien, however, shall not be enforced against any property which, being a part of stock in trade, shall have been sold in regular course of business."

The demised premises consisted of a store in the city of Rochester. The defendant Van Dake entered into possession of the store and occupied the same until January 5, 1881, at which time he executed and delivered to the defendant DeWitt C. Ellis a general assignment of all of his property for the benefit of his creditors. At the time of executing and delivering the assignment to the defendant Ellis, there was rent due and unpaid to the plaintiff. The assignee at once took possession of the store and contents, and entered upon the duty of his trust. The lease was not filed in the office of the clerk until the 6th day of January, 1881, the day after the defendant Ellis entered into the possession of the store and its contents.

The respondents claim, first, that the clause quoted in the lease made it a chattel mortgage, and that it is absolutely void as against the creditors of the mortgagor for the reason that it was not filed in accordance with the requirements of the statute; second. That the mortgagee allowed the mortgagor to retain possession of the goods in the store and to sell and convert them into money and to use the proceeds of the sale to meet his liabilities to the same extent as if no mortgage was in existence, and that the fraud consisted in the giving of the mortgagor credit, by allowing him to retain possession of the mortgaged goods and to sell them and use the proceeds in his business, thereby inducing innocent parties to give him credit.

The question as to whether or not this clause in the lease amounts

to a chattel mortgage is discussed in the case of *McCaffrey* v. *Woodin* (65 N. Y., 459). The wording of the clause in that case is identical in the essential parts with the one under consideration. DWIGHT, C., writing the opinion of the court in that case, after an elaborate review of the authorities, says: "I think that the instrument is, in substance, a mortgage. No special form of words is necessary to constitute a mortgage. The statement that the creditor is to have a lien, and that on default he may take possession and sell in the same manner as in cases of chattel mortgage, sufficiently discloses the intent. The parties intended to enter into a transaction having some effect, and the only way to give it validity is to hold that, in substance, it has all the characteristics in equity of a mortgage or of an equitable lien, which for the purposes of this case is equivalent."

This construction of the commission of appeals upon a lien clause in a lease identical with the one under consideration we regard as binding upon this court. It was, therefore, necessary that the plaintiff should cause his lease to be filed as a mortgage in accordance with the provisions of the statute, and in failing to do so it is void as against the assignee and the creditors he represents.

The appellant claims that this instrument did not pass any title to the goods and therefore cannot be fairly construed as intending to operate as a mortgage; that it gave only a lien on the property as security, whilst a chattel mortgage gives more; it transfers the legal title thereto. That the clause gives to the lessor an equitable lien which would be enforced against the property of the lessee.

If we are wrong in our conclusion that the instrument is a mortgage, and should adopt the views of the appellant in this regard, even then we fail to see how his position is bettered. If he has but an equitable lien, and no actual lien, then his interest in the property is not so great as it would be if he were a mortgagee having the legal title. If a mortgage conveying title is void as to creditors, upon what principle can it be claimed that an instrument conveying a less interest would not be void? Ordinarily the greater includes the less. An instrument conveying the title includes one which conveys but an equity.

Again, if the plaintiff had but an equitable lien, then it was necessary for him to seize and take possession of the property in

order to have an actual lien upon it. Before doing this the property passed into the hands of the assignee for the benefit of the creditors. No actual lien existed against the property at the time it was taken in custody by the assignee. The assignee represents the creditors. It is his duty to prosecute and defend for and on behalf of the creditors; to protect their interest in the assigned property. In the absence of any actual lien upon the property the equities of the creditors are just as great as those of the plaintiff, and the court has no power to prefer one creditor over another. In either view of the case we are of the opinion that the judgment must be affirmed, with costs.

SMITH, P. J., and BARKER, J., concurred; BRADLEY, J., concurred in result.

Judgment affirmed, with costs.